Good afternoon, everyone. We have 2 cases on the calendar today. The 1st case being argued is United States versus Ganiyu and Mr Sandick. I see you reserved 2 minutes for rebuttal. So we make sure everybody can hear. Okay. Mr Sandick. You hear me? Okay. I can hear you. Can you hear me? Your honor? Yep. And Mr Weinberg. You're good. Yes, I can hear you. All right. Great. All right. Mr Sandick, we can begin whenever you're ready. Thank you very much. Good afternoon. May it please the court. My name's Harry Sandick. I'm of Patterson, Belknap, Webb, and Tyler, and I represent Mr Ganiyu pursuant to an appointment under the Criminal Justice Act. The only disputed issue in my client's trial was whether he knew about the romance schemes alleged in the indictment. Without direct evidence of his knowledge and no witness tying him to the schemes directly, the government tried to prove knowledge by offering statements made by a district judge at a bail hearing and another case. And as a result, the jury was told that another federal judge in a different case said that Mr Ganiyu had participated in what she referred to as a fraudulent scheme, that Mr Ganiyu had cheated an elderly woman. She said that Ganiyu wasn't bothered in the slightest by his fraudulent actions and that his prior crime involved a not insignificant sum of money. And not surprisingly, the government argued from this in summation. They focused on the fact that this evidence came not just from a witness, but from a federal judge. They mentioned four times in the main summation that a judge made this finding. They also, at one point, kind of slipped into an appeal to propensity, saying that Ganiyu did the same exact thing five years later, referring to the difference in time between the bail hearing. Mr Sandick, why isn't that probative? If his claim at trial was, I didn't know, I thought this was for a car. I didn't know, even though it had a different name on it on the check, that this was fraud. Why isn't it probative that, you know, several years earlier, a judge told him where he raised the same exact claim. I thought this was for a car. And the judge told him basically through a finding, like, no, this is not, this is fraud. Why isn't that a highly probative on this issue, the critical issue of intent? So, Your Honor, it's because of the way the evidence came in. It's not, the argument here is not that there couldn't have been some evidence about what he had done before. When knowledge is in dispute, the government can offer 404B evidence. But we haven't seen any case in which a district judge allowed the government to read another judge's ruling verbatim into the record as happened here. Why is that so significant? 404B, you can let in a prior conviction. You can let in a conviction by a jury. So whether it's a finding by a judge, a conviction by a jury, if it's probative, it's probative, right? Well, judges are a unique, play a unique role in the criminal trial and juries trust judges. And if a jury hears that a federal judge effectively is a witness against Gniyu in the case that he committed fraud and adding all of these other colorful facts about an elderly victim and that he wasn't bothered in the slightest and involved in not insignificant sum of money, that's the reason why we're arguing this. Because we know that, you know, even though a trial strategy, as the court said in Awadallah, isn't improper because it's innovative, when such a strategy has almost never been used, there's usually a good reason for it. But I'm sorry, counsel. Isn't the fact that a judge said it and said all the things you say make it even more probative? Because the question is, was Mr. Gniyu put on notice that what he was doing was fraudulent? So let's say there was evidence that a next door neighbor had heard about the $12,000 check and said, hey, neighbor, that sounds fishy to me. One might say, yeah, well, he wasn't really put on notice that he was engaging in fraudulent conduct, because what does some neighbor know? But if you have an authoritative figure come in and say, no, no, no, let me explain to you just how bad this is, doesn't it drive home that he was put on excruciatingly clear notice because it was a federal judge? So it seems to me that the federal judge part of it is not more prejudicial, but rather makes it more probative. No? Why not? Well, Your Honor, the reason why we don't agree is because of the – and this is a second issue with the evidence here – is that this is not a finding by a judge after an evidentiary hearing or after a trial or after a FATICO hearing at sentencing. This is a bail hearing through informal proffers, just as bail hearings are always conducted. It also isn't just the fact of the judge's finding. It's all of these sort of more colorful comments that were read verbatim to the jury that have a prejudicial impact. So if this were just a matter of a dry stipulation saying a judge told him in a prior case X, that might be one thing. But here we have a very different record with all of these other comments. I would also say it doesn't put the defendant on notice of a specific fact because Ghania was never convicted of the prior conduct. He wasn't charged with the prior conduct. Judge McMahon's telling him, this looks like crime to me. But that is not the same thing as, let's say, a prior conviction, to use an example that the court mentioned a moment ago, or evidence at trial put on by a live witness that's then subject to cross-examination. It's really the unusual nature of how this evidence came in that made it prejudicial and the high degree of identification that we submit exists between juries and judges, similar in Awadallah to the issue that the jury would be more likely to credit testimony from a grand juror witness. And so the court affirmed the decision by a district judge to exclude that type of unprecedented evidence. What would the stipulation have looked like if your main point here is not just that they shouldn't have heard something about this, but that it should have somehow been cleaned up? Consistent with Judge Nardini's question, maintaining the probative value, how would you have done it? In a prior proceeding, the defendant was advised – I'm not even sure you'd need to say it was a judge – but in a prior proceeding, the defendant was advised that receiving funds in a bank account from individuals unknown to the person is suggestive of wrongdoing or something like that. But not this full comment coming in. Isn't it important that he's using the same explanation, that he thought it was – I mean, it's not just fraud in a bank account. It's a check from an unknown party going to his account where he's claiming, I thought it was for a car. That's pretty important when a jury is understanding his claim of some innocent explanation, right? I think – yes, Your Honor. And they're likely – It's the same if you had a courier coming into Kennedy Airport with a bag full of drugs and claimed before a judge, like, I didn't know there were drugs in there and he doesn't get charged. There's no trial or whatever. And then a few years later, he's got another bag and claims the same thing. That's essentially what we have here. Well, and it's not exactly the same here, Your Honor, because unless we expand the narcotics hypothetical to say something like he knew exactly what he was doing, he had a bag that – He has a check with someone else's name on it that someone is telling him is for a car. And that's exactly what he's claiming here. I had a check with someone else's name. And when he was asked about it, he said, I thought it was for a car, right? Yeah. Our argument is not that there is no way for the government to offer evidence of knowledge based on prior bad acts. Of course, that's – the standard itself suggests that the government can do that. It's really the unusual way in which this came in through a statement by a district judge being read to a jury and then being used in argument to make the point that essentially that because a judge in another case has already found that the defendant had knowledge and did something wrong and victimized a vulnerable person, that you should draw the same inference here. That's the argument that we're presenting, not that you can't prove knowledge and intend through 404B. Of course, you can. Absolutely. All right. Great. Thanks, Mr. Sandik. We'll hear from the government. Mr. Weinberg. Thank you, Your Honor. May it please the Court, my name is Matthew Weinberg, and I represent the government in this appeal, and I represented the government at trial below. This court should affirm the judgment. Judge Kaplan's decision to admit the evidence of the 2015 court proceeding was entirely proper and within his discretion. First, the evidence was plainly offered for a proper purpose and relevant to a disputed issue. The defendant acknowledges that the central issue in dispute at trial was the defendant's knowledge that the funds he received from fraud victims were the proceeds of fraud. The bail hearing evidence, and actually the court hearing evidence, the jury did not hear that it was a bail hearing, but the court hearing evidence was highly probative on this issue. As it showed that the defendant was specifically informed by a federal judge just a few years earlier that the check he had received and deposited, bearing the name of a stranger, was in fact proceeds of fraud. That is a fact that he learned at that hearing, and that his conduct in depositing the check and withdrawing the funds was indicative of fraud. At minimum, the 2015 evidence showed that the defendant was on notice of a high probability that substantially similar checks and wires that he received as part of the charge offenses, also from strangers, were likely proceeds of fraud. Judge Kaplan also conducted a Rule 403 analysis and in his discretion concluded that the probative value of the court proceeding evidence was not substantially outweighed by the potential for unfair prejudice. And finally, Judge Kaplan delivered a clear and robust limiting instruction, which was jointly proposed by defense counsel, and included that Mr. Ginew had not been convicted of any crime for the 2014 conduct beyond a reasonable doubt, which is the standard for a criminal trial. That Mr. Ginew was not on trial in this case for that prior conduct, and that the jury may not consider evidence of the prior conduct as substitute for proof that Mr. Ginew committed the charge conduct or had a propensity to commit crimes. And Judge Kaplan delivered this instruction immediately after the evidence was introduced at the defendant's request, and also during his final jury charge. Finally, there was no error here, but to the extent there was, any error was harmless. Before you get to that, I just want to go back to, I think, Mr. Sandick's main point, which is, even if this was highly probative on the issue of intent, the manner in which it came in was unduly prejudicial. So, I think his key point is that a finding by the judge that it was fraud is something that a jury could latch on to in a prejudicial way, and that to have the same probative effect, you didn't necessarily have to have that component of the hearing come in. In other words, Judge McMahon said, I believe there's probable cause to believe that Mr. Ginew has participated in this fraudulent scheme. I think Mr. Sandick's argument is, you could pull that out, and you could still argue he was on notice because she said earlier that this is a fraud, this is a woman who was cheated out of her money. So, you could have made all the same arguments in your summation without also saying, and the judge found this to be by probable cause that he participated in the fraud. Why is that part essential on the issue of what his notice was? Yes, Your Honor. So, I think two answers to that question, or at least two answers to that question. So, the first is that the fact that the judge put him on notice, that the judge's view that his conduct in receiving the check and depositing it was indicative of fraud, was one of the key probative aspects of what the government was introducing this evidence for. Because not only did he learn that, in fact, this was fraud proceeds, but he learned that this type of conduct, receiving money from strangers on the Internet and depositing it apparently without second thought, could be indicative of fraud. And that put him on notice of a high probability that it could be indicative of fraud. And so, therefore, a few years later, when he engages in the exact same conduct, but frankly, the only difference in the conduct a few years later is that it's at a much greater scale, you know, dozens of victims and millions and millions of dollars. He's clearly on notice that this could be indicative of fraud. In terms of the manner in which it was admitted to the jury or introduced to the jury, you know, the defendant below did not object to – he certainly objected to the admission of the evidence, but once it was admitted, did not object to introducing it in this manner. So that argument is forfeited in plain error. I don't know. I mean, there's some – I think they cited some out-of-circuit cases that suggest that if a defendant argues the 404B shouldn't come in at all, that they don't necessarily waive any argument that the manner in which it came in was unduly prejudicial. Have we said that before, that if you don't – if you object to the 404B, if you then don't object to sort of the manner in each component of it, you've waived it? Have we said that before? I'm not aware of a case in which this court has said that, that said precisely that. I think, you know, what I will also say, of course, is that even understanding how this came in, it was clearly still well within Judge Kaplan's discretion. You know, he's the trial judge who is closest to the facts and best equipped to make this assessment, and it was certainly well within his discretion to find that this was an appropriate way to put in the evidence and for the evidence to be heard by the jury in whole, and that it would not – you know, that the probative value of the evidence, which I think defense concedes was highly, highly probative. Very important evidence. Judge Bianco, I think you suggested as well in your discussion with Mr. Sandek, it's highly probative evidence, and I think clearly Judge Kaplan was well within his discretion to conclude that the probative nature was not substantially outweighed by the potential for unfair prejudice. Again, also there was, of course, the limiting instruction, which I've already addressed, but that also helped address any possible prejudice, and we do, you know, this court, all courts do presume that juries will follow properly given limiting instructions, and that limiting instruction, again, was jointly proposed by the parties. If I can briefly just turn to harmlessness, again, I think the defendant significantly overstates the government's reliance on this evidence at trial. The government did argue about this evidence, of course, but it was one of eight reasons that the government identified in closing as demonstrating that the defendant knew he was accepting fraud proceeds. It occupied less than three pages in the government's 28-page summation. That's transcript pages. And when the government did reference the court hearing evidence in closing and summation, it stressed at every time that it was introducing the evidence solely for the purposes of demonstrating that the defendant was put on notice and that it went to the defendant's knowledge and not for any other purpose. And then, again, it was one of eight reasons, even putting aside the bail hearing evidence, there was overwhelming evidence of the defendant's guilt. The government cites some of that evidence at page 40 in its brief. It's also that other evidence is what Judge Kaplan relied on in denying the defendant's Rule 29 motion after trial. So the government's, in our view, not only was this ruling entirely proper, but any error would have been harmless. So unless the court has any further questions, the government rests on its submissions. All right. Thank you, Mr. Weinberg. Mr. Sandek, you have two minutes in rebuttal. Thank you, Your Honor. Just very briefly, on the subject of the form of the evidence being considered as part of the prejudice analysis, we just wanted to refer to our citation to 655th Avenue, where this court specifically said that it was important to consider not just whether the evidence itself could be admissible, but whether the form complied with evidentiary rules. On the subject of the limiting instruction, and it's no doubt true that there are many cases that courts decided that said that limiting instructions are sufficient, but there are also cases like Wadala, Scott, Becker, Figueroa, Curley. There are many, many cases where the court says that it doesn't invariably eliminate the risk of prejudice. And given the novel nature of the evidence, we submit that this is the kind of case in which it would not. In terms of the government's evidence, to be sure, the government's summation was mostly a discussion of the nature of the scheme, the witnesses who gave moving testimony, none of which was denied by defense counsel at trial or that we are denying here. But on the evidence of knowledge, when the government got up for rebuttal, the prosecutor said three things, and the first thing was referring back to the finding at the bail hearing. They clearly regarded it and treated it as essential evidence to their case. I'm happy to answer additional questions that the court may have, but otherwise I would just refer to our briefs. All right, thank you both. We appreciate the arguments. We'll reserve decision and have a good day. Thank you, Your Honor.